UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZIM AMERICAN INTEGRATED SHIPPING SERVICES, CO., LLC,

       *Plaintiff,*

  v.

CENTURY INTERNATIONAL M & A, INC.,

       *Defendant.*

20-CV-6702 (PAC)

**OPINION & ORDER**

---

  The Court, exercising its discretion under Federal Rule of Civil Procedure 55(b)(2), requires additional materials before it will rule on Plaintiff's motion for a default judgment, ECF No. 45.

  A court generally accepts the plaintiff's well-pleaded allegations as true when ruling on a motion for default judgment. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997). "Nonetheless, a court must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed." *Shld, LLC v. Hall*, No. 15 CIV. 6225 (LLS), 2017 WL 1428864, at *3 (S.D.N.Y. Apr. 20, 2017) (quotation marks omitted). Thus, "a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). As the rule states, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: . . . determine the amount of damages [or] establish the truth of any allegation by evidence . . . ." Fed. R. Civ. P. 55(b).

  Here, the Court requires documentation showing the existence of an agreement between the parties. Plaintiff has not provided evidence of a contract with Defendant. Plaintiff is therefore

directed to submit materials (*e.g.*, a bill of lading signed by the parties, an email confirmation between the parties, or a signed affidavit attesting to the existence of a contract) to substantiate its allegations that "Defendant arranged with Plaintiff to ship 144 containers of wood chips to an alleged buyer in India." Am. Compl. ¶ 4, ECF No. 34.

The Court also requests additional documents as to the actual damages suffered from that agreement. Plaintiff has submitted two spreadsheet exhibits that appear to display, respectively, demurrage charges it incurred, and invoices it sent to Defendant. *See* ECF Nos. 45-5, 45-6. But these exhibits do not show any calculation of the alleged costs, nor do they show the existence of any kind of underlying agreement between the parties. There is no indication that a port in India—which is purportedly holding the container ships and charging fees to Defendant—has charged Plaintiff. Plaintiff provides general terms and conditions of its bill of lading, but those general terms and conditions do not indicate any costs set out in an agreement with Defendant. *See* ECF No. 45-7. The Court requests more information as to the source of the charges and/or computation of the billing beyond the exhibits provided thus far.

The Court reserves its decision on the motion for default judgment until Plaintiff responds to this Order. Plaintiff is hereby ORDERED to file materials regarding the contract between the parties and the computation of damages by August 26, 2022.

Dated: New York, New York  
       July 26, 2022

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY  
United States District Judge